LUCILLE WALLACH and BENJAMIN WALLACH, Respondents, v. NEW YORK TELEPHONE COMPANY, Appellant, and EDWARD TOOMEY, Defendant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Scudder, JJ.

LAURENCE WEIDY, Appellant, v. RAY H. CARTON, Respondent.— Order of the County Court of Nassau county, in so far as appealed from, reversed upon the law and the facts, without costs, and motion denied, but without prejudice to an application to open the default upon further papers. The papers before the court are insufficient. Lazansky, P. J., Kapper, Hagarty, Carswell and Scudder, JJ., concur.

YONKERS STAR STRUCTURAL STEEL WORKS, INC., etc., Respondent, v. MAURO PRIMAVERA, Appellant, and Others, Defendants.— Order setting aside verdict and restoring case for trial reversed upon the law and the facts, with costs, motion denied, verdict reinstated and judgment directed to be entered thereon, with costs. The case went to the jury upon a basis that was acquiesced in by both plaintiff and defendant, and that basis and the charge thereon became the law of the case. Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ., concur.

## THIRD DEPARTMENT, JANUARY, 1931.

WANDER BROS., INC., Appellant, v. ROBIE F. OSBORN, Respondent.

PER CURIAM. The complaint contains the necessary elements, pleaded with sufficient definiteness, to constitute a cause of action. The order requiring that it be made more definite and certain should be reversed. The defendant may, prior to pleading, if he is so advised, raise the objection that a cause of action is barred by the Statute of Limitations, or that it is unenforcible because of the Statute of Frauds, by a motion made under rule 107 of the Rules of Civil Practice. If he desires greater definiteness to permit him to prepare for trial, a motion for a bill of particulars is his remedy. All concur. Order reversed, on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.